State v. Neagle

STATE OF NORTH CAROLINA v. DON BARRY NEAGLE

No. 7626SC2

(Filed 5 May 1976)

1. Criminal Law § 66— in-court identification of defendant — no pretrial confrontation — failure to hold voir dire not error
    The trial court did not err in allowing a witness to give testimony which identified defendant as the perpetrator of the crime charged without first conducting a voir dire, since there was no evidence of any pretrial lineup or confrontation between the witness and defendant.

2. Criminal Law § 49— attempt to procure false testimony — evidence admissible
    The trial court in a second degree murder prosecution did not err in allowing evidence which tended to show that defendant threatened his girl friend who was with him on the night the crime was committed if she did not give testimony that was favorable to him.

3. Homicide § 28— intoxicated defendant — no evidence of self-defense — failure to instruct not error
    The trial court in a second degree murder prosecution did not err in failing to charge the jury on self-defense where the two eyewitnesses to the crime other than defendant gave no testimony that tended to show self-defense, and defendant's testimony was that he was intoxicated and remembered nothing about the occurrence.

APPEAL by defendant from *Baley, Judge.* Judgment entered 5 September 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 April 1976.

By indictment proper in form, defendant was charged with the murder of L. V. Mason on 9 March 1974. He was placed on trial for murder in the first degree and pled not guilty.

Evidence presented by the State is summarized in pertinent part as follows:

On 9 March 1974 defendant and Mason spent most of the day and evening together drinking beer and whiskey. They were accompanied by defendant's girl friend, Debra Burns Tarlton (Debra), who did not drink on that day and drove defendant's car for him.

Around 10:00 p.m. defendant, Mason, Debra and one or two others were on the parking lot at Smitty's Place where beer was sold. Defendant and Debra were sitting in the front seat of defendant's two-door LTD while Mason was in the backseat. Mason insisted that he wanted to fight defendant and got out of the car. Defendant obtained a small hatchet from under the car seat and got out. As he approached Mason he raised the hatchet in the air but did not strike Mason. They shook hands, reentered the car and rode off to get something to eat. Some ten minutes later they returned to the parking lot at Smitty's with Mason riding in the front passenger seat and defendant in the rear seat. There had been no argument between the two men after they shook hands.

When they returned to Smitty's the door on the right side of the car was opened, defendant put one foot on the ground, grabbed Mason by his hair, pulled his head out of the car and struck Mason in his face with the hatchet. Defendant then pulled Mason from the car onto the ground, got back into the car and Debra drove away, leaving Mason lying face up on the ground.

An autopsy revealed Mason died from a head injury with a subarachnoid hemorrhage of the brain. The pathologist gave his opinion that it was possible for the homorrhage to have been caused by a blow to Mason's head.

At the close of the State's evidence, the court allowed defendant's motion to dismiss the first-degree murder count.

Defendant testified as a witness for himself and his testimony is summarized in pertinent part as follows: Defendant had been drinking heavily for six weeks prior to the alleged murder. He remembered drinking with Mason on 9 March 1974 but did not remember fighting with him or hitting him with a hatchet. Debra told him the next day that he hit Mason with a hatchet because Mason was going to swing a bottle at him. He did not threaten Debra or tell her what to say. He could not

remember how many times he had been convicted of public drunkenness; that he had been convicted of assault following a "public drunk" but could not remember when or how many times; that he did not remember how many times he had assaulted an officer after he had been arrested; that he believed he had been convicted twice of driving under the influence.

Other pertinent evidence is hereinafter summarized in the opinion.

The court instructed the jury that they might return a verdict of second-degree murder, voluntary manslaughter, or not guilty. They returned a verdict of second-degree murder and from judgment imposing prison sentence of not less than 15 nor more than 20 years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ann Reed, for the State.*

*Childers and Fowler, by Max L. Childers, and Roberts, Caldwell & Planter, P.A., by Joseph B. Roberts III, for defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the admission of certain testimony by the witness Eddie Dean Smith on the ground that the testimony constituted an in-court identification of defendant without a voir dire determination of its admissibility. The assignment has no merit.

Smith testified that on the night in question, at about 10:00 p.m., he went to Smitty's Place where he observed a Ford LTD in the parking lot; that the lot was well lighted and he saw two people, one of whom was the defendant. He then proceeded to testify with respect to defendant raising the hatchet in the air, the two men shaking hands, going off in the car together, returning some ten minutes later, and defendant striking Mason in the face with the hatchet, dragging him out of the car and leaving him face up on the ground.

While many cases can be cited to support our holding on this assignment, *State v. Cox*, 281 N.C. 275, 188 S.E. 2d 356 (1972), appears to be directly on point. In *Cox*, the Supreme Court held that the trial court did not err in denying defendant's motion for a voir dire examination to determine the admissibility of a police officer's in-court identification where no evi-

dence indicated that the officer had previously identified the defendant in a pretrial lineup or confrontation. In the case at bar there was no evidence of any pretrial lineup or confrontation between the witness Smith and defendant.

[2] Defendant assigns as error the admission of evidence tending to show that he threatened Debra Tarlton if she did not give testimony that was favorable to him. We find no merit in this assignment. In *State v. Minton,* 234 N.C. 716, 723, 68 S.E. 2d 844, 849 (1952), cited by defendant, the court, speaking through Justice Ervin, said: " . . . An attempt by an accused to induce a witness to testify falsely in his favor may be shown against him. Such conduct indicates a consciousness on his part that his cause cannot rest on its merits, and is in the nature of an admission that he is wrong in his contention before the court. (Citations.)"

[3] The assignment of error which defendant seems to stress most is that the trial court erred in not charging the jury on self-defense. We find this assignment without merit.

Admittedly, G.S. 1-180 requires the trial court to "declare and explain the law arising on the evidence given in the case." Failure of the court to instruct the jury on substantive features of the case arising on the evidence is prejudicial error, even in the absence of a request for special instructions. *State v. Hornbuckle,* 265 N.C. 312, 144 S.E. 2d 12 (1965). While recognizing these principles, we do not think there was sufficient evidence of self-defense in the instant case to require jury instructions on that question.

The record discloses only three eyewitnesses to the killing— Eddie Dean Smith, Debra Tarlton, and defendant. Smith and Tarlton gave no testimony that tended to show self-defense and defendant's testimony was that he was intoxicated and remembered nothing about the occurrence. It is true that Debra admitted she told investigating officers that Mason was swinging at defendant with a bottle, and that defendant acted in self-defense, but she completely repudiated that statement at trial, asserting that it resulted from defendant's intimidation.

In *State v. Absher,* 226 N.C. 656, 40 S.E. 2d 26 (1946), the court held that where defendant testified that he became so intoxicated that he had no recollection of anything that happened for some time prior and subsequent to the homicide, the trial judge was not required to submit to the jury the question

of self-defense, notwithstanding testimony on the part of the State's witnesses that defendant knew what he was doing, since even the evidence that defendant knew what he was doing, standing alone, failed to lay the necessary predicate that defendant reasonably apprehended he was in danger of death or great bodily harm. *Absher* appears to present a stronger case for instructions on self-defense than the case *sub judice*.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but find them also to be without merit.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.